(No. 29692.—

Robert W. Scherman, Appellant, *vs.* Esther M. Scherman *et al.,* Appellees.

*Opinion filed January 22, 1947.*

FINN, TOLLKUEHN & SMITH, of Chicago, for appellant.

ELMER W. ARCH, of Chicago, for appellees.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

The plaintiff, Robert W. Scherman, appeals from a decree of the superior court of Cook county, which dismissed his complaint for want of equity. The suit was brought against plaintiff's sister, Esther M. Scherman, and others, to impress a trust on certain property in which she held title, known as the Oak Park property. Since plaintiff claims that equitably he is entitled to a one-half interest in the property, a freehold is involved.

The plaintiff's complaint alleges that on July 7, 1921, Ida Scherman, mother of plaintiff, acquired title to certain property known throughout the evidence as the River Forest residence, which was paid for with her own money; that

on August 23, 1938, said River Forest property was placed in the name of plaintiff, Ida Scherman, his mother, and defendant Esther M. Scherman, as joint tenants, and that the plaintiff had resided with both of them on said premises. The plaintiff also alleges that over a period of years he turned over all of his salary to his mother, and from it she paid all expenses, including his personal expenses, and managed the household finances. He commenced work in 1924, while quite young, attended school, and finally was admitted to the bar, and was married in 1942.

In 1941 he was engaged in a lawsuit which created animosity upon the part of certain persons, who threatened to sue him and had him arrested. On October 20, 1941, after his difficulty with the persons who had caused him to be arrested, at his suggestion the title to the River Forest property by appropriate deed was placed in the name of his mother, Ida, and the defendant Esther, as joint tenants. He claims there was an agreement that, notwithstanding the form of the deed, the mother would have a life interest in such property, and at her death it would be owned jointly by himself and his sister. After this conveyance the persons who had him arrested for assault brought suit against him for damages. This suit he later succeeded in having dismissed. During all of this time he was residing with his mother and sister in the River Forest property. He married in 1942, and asked his mother and sister to cause the property to be placed in joint tenancy between them and his wife, Fern A. Scherman, and this they refused to do. The property was then purchased from the mother and sister for $8000, and title placed in the name of plaintiff's wife. It does not appear who furnished the consideration, plaintiff or his wife. From the proceeds of this sale the sister and her mother purchased the Oak Park property, and it is upon this property that plaintiff seeks to impose a trust, as having been purchased with the proceeds of property in which he had an equitable interest.

The defendant Esther M. Scherman answered and denied there was any agreement to hold the property in trust, or to reconvey the property to the plaintiff, or that he contributed the sums of money claimed, and alleged that she likewise had contributed of her earnings, and further denied that plaintiff was entitled to relief, because, even though the facts were as claimed by plaintiff he was barred from recovery under the Statute of Frauds, because the agreement was not manifested by writing.

The evidence is highly conflicting as to the amount of contributions and the family arrangement, as to whether there ever was a contract, and as to the intent of the parties in the several transfers appearing in evidence. The case was tried before the chancellor, who, as above noted, dismissed the plaintiff's complaint for want of equity.

The plaintiff contends the evidence is sufficient to establish a constructive trust in the Oak Park property by reason of his contributions to the family fund, and the alleged agreement made between his mother, sister and himself that it should be considered as giving the mother a life estate, and him and his sister the remainder in fee in said property. The plaintiff seems to be under the impression that because he was the son of Ida Scherman, and the brother of Esther Scherman, a fiduciary relationship existed between them during the transactions pointed out above. We have held the relationship of brother and sister does not of itself establish a fiduciary relationship. (*Dyblie* v. *Dyblie*, 389 Ill. 326.) Likewise, we have held that the relationship of parent and child does not of itself establish a fiduciary relation. *Stewart* v. *Sunagel*, 394 Ill. 209.

In *Neagle* v. *McMullen*, 334 Ill. 168, the court said: "To establish a constructive trust there must be some element of fraud, either positive or constructive, which existed at the time of the transaction, or there must be a confidential relation and undue influence, by virtue of which one has obtained the legal title to property which he ought not

to have secured under the rules of equity and good conscience." In *Stewart* v. *Sunagel,* 394 Ill. 209, we said: "the burden of proving facts from which a confidential or fiduciary relationship arises rests upon the parties seeking to set aside a conveyance. To establish a relationship by parol evidence, the proof must be clear, convincing, and so strong, unequivocal and unmistakable as to lead to but one conclusion." This rule is well established. *McGlaughlin* v. *Pickerel,* 381 Ill. 574; *Johnson* v. *Lane,* 369 Ill. 135.

In *Winger* v. *Chicago City Bank and Trust Co.* 394 Ill. 94, we pointed out that a trust may arise out of actual fraud or overreaching, or it may be presumed to arise out of a breach of fiduciary relations, and that while the relief that may be afforded in each case may be the same, the proofs authorizing relief are materially different. There is no claim in this case of actual fraud, and likewise there is no proof that any special confidence was reposed between the parties because of their relationship to each other. This is necessary under all of the authorities. ( *Dougherty* v. *Duckels,* 303 Ill. 490; *Seely* v. *Rowe,* 370 Ill. 336; *Dyblie* v. *Dyblie,* 389 Ill. 326.) A fiduciary relationship of the kind necessary to authorize the plaintiff to recover has not been established in this case, and, in fact, there is none which bears upon the transaction at the time it was consummated.

Plaintiff seems to rely strongly upon *Stahl* v. *Stahl,* 214 Ill. 131. The facts in that case have no resemblance to those presented here. In that case a man died leaving a wife and five children. Those who were of age conveyed to the mother, and the minors as they became of age ratified the transaction. It was for the purpose of preventing the estate from being dissipated and to keep it together. The mother had great confidence in a son who was a prominent physician, and conveyed to him with the understanding he would hold it for the benefit of all the children. He betrayed the confidence of the mother and transferred to a

brother, and attempted to deprive the other children of their interests. The court expressly found the conveyance was made by the mother because of the confidence reposed in him. The distinction between that case and the case here is that the fiduciary relationship, and the fraud, were properly established in that case, but they are not proved here.

It also appears that the conveyances were made at the solicitation of the plaintiff. He says in his complaint that after threats had been made by the person who actually sued him, he suggested to his mother and sister it would be advisable for him to transfer his interest to them, so as to not involve said real estate in which they were interested. In view of the fact appellant has wholly failed to establish a fiduciary relationship, or any other ground for the establishment of a constructive trust, we deem it unnecessary to comment upon the claim of the defendant sister that the property was transferred for the purpose of hindering and delaying creditors, or the application of the Statute of Frauds to the transaction. The plaintiff has fallen far short of establishing either a fiduciary relationship between himself and his sister, or of proving actual fraud, one of which is necessary for his purpose.

One other contention is made by appellant, and that is that he had a homestead interest in the River Forest property at the time he conveyed the same to his mother and sister. The plaintiff at that time was unmarried, and was living with his mother and sister, and under authority of *McNichols* v. *McNichols*, 299 Ill. 362, the homestead was vested in the mother, and not in plaintiff.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*